UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | Criminal Action No. 3:22-CR-00069-RGJ |
| MAURICIO DIAZ | Defendant |

* * * * *

## MEMORANDUM OPINION & ORDER

Defendant Mauricio Diaz ("Diaz), pro se, moves this Court for a sentence reduction 18 U.S.C. §3582(c)(1)(A) using the AO 250 form citing "Amendment 829 Section 5H1.1 Youthful [Off]ender Downward departure." [DE 118 at 822, 827]. The United States has not responded and the time for doing so has passed. For the reasons below, Diaz's motion for sentence reduction [DE 118] is **DENIED**.

## BACKGROUND

On August 16, 2023, Diaz pleaded guilty to count(s) 1, 2, 5, 6, 7, 8, and 9 of the Superseding Information pursuant to a Rule 11(c)(1)(C) plea agreement. [DE 71 at 305]. He pleaded guilty to two counts of aiding and abetting carjacking, one count of attempted carjacking and three counts of possessing a firearm during and in relation to a crime of violence, aiding and abetting. [*Id.* at 306]. On January 4, 2024, Diaz was sentenced to 3 years as to each of counts 1, 2, 5, 6, 7, 8 and 9 of the Superseding Information, to be served concurrently for a total term of 3 years. [*Id.* at 308].

## ANALYSIS

A. Exhaustion of Administrative Remedies.

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (describing statutory changes to exhaustion process). This exhaustion requirement is waivable, not jurisdictional—but becomes "mandatory" if the Government invokes it. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Taylor*, No. 20-3642, 2020 WL 7383648, at *1 (6th Cir. Nov. 9, 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

Diaz appears to have requested compassionate release from the BOP warden at his place of incarceration based on his statements in the AO 250 but provides no additional documentation. [DE 118 at 824]. Diaz states that he submitted a request for compassionate release on July 18, 2026, which was denied on August 18, 2026. [*Id.*]. While there is no documentation provided and the United States has not responded, the Court will assume exhaustion for purposes of ruling on the currently motion only.

a. Sixth Circuit "Three-Step Inquiry."

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the

compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

After addressing exhaustion, district courts apply a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, 56 F.4th at 1054 (quotations omitted). District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *Elias*, 984 F.3d at 519.

18 U.S.C. § 3582(c)(1)(A) does not describe what constitutes "extraordinary and compelling reasons," but an "applicable policy statement[ ] issued by the Sentencing Commission" does. *See United States v. Sandlain*, No. 24-1680, 2025 WL 476247, at *1 (6th Cir. Feb. 10, 2025) (noting that U.S.S.G. § 1B1.13, as recently amended, "now applies to compassionate-release motions filed by defendants, and it provides examples of circumstances that qualify as extraordinary or compelling reasons for granting compassionate release"). U.S.S.G. § 1B1.13 provides that "extraordinary and compelling reasons" include (1) serious medical circumstances, (2) a defendant's advanced age, (3) certain family circumstances, and (4) physical or sexual abuse suffered by the defendant while incarcerated. U.S.S.G. § 1B1.13(b)(1)–(4). The policy statement also includes a fifth provision for any "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through

(4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5). A sixth provision defines extraordinary and compelling reasons to include an "unusually long sentence" imposed before a change in sentencing law. U.S.S.G. § 1B1.13(b)(6). The Sixth Circuit, however, has held this provision invalid. *See United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025); *United States v. George*, No. 14-CR-20119, 2025 WL 2759563, at *2 n.1 (E.D. Mich. Sept. 29, 2025).

The § 3553(a) factors to be considered include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114; *United States v. Ruffin*, 978 F.3d 1000, at 1008-09; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of an extraordinary and compelling reason for granting compassionate

release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson*, 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004 (6th Cir. 2020)).

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 611 F.Supp.3d 395, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

b. No Extraordinary and Compelling Reasons Warrant Early Release

The sole reason for requesting a sentence reduction is United States Sentencing Guideline Section 5H1.1. Section 5H1.1 was set forth by the United States Sentencing Commission as part of Amendment 829 to the Guidelines and became effective on November 1, 2024. However, Amendment 829 was not made retroactive. *See, e.g., United States v. Edwards*, No. 1:21-cr-126-3, 2025 WL 987742, *2 (N.D. Ohio Apr. 2, 2025). Moreover, the United States Court of Appeals for the Sixth Circuit recently invalidated Guidelines Amendment 814, under which district courts could consider non-retroactive changes to the Guidelines in evaluating a compassionate release motion. *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). Thus, the Court may not consider Defendant's young age in evaluating the instant Motion.

Further, the Sixth Circuit has previously held that facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction. *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) ("Facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction."). Diaz's age was known and considered by the court at the time of sentencing. *United States v. Hunter*, 12 F.4th 555, 563 & n.3 (6th Cir. 2021) (holding that the defendant's age when he committed the underlying crime was not an extraordinary and compelling reason); *United States v. Ewing*, No. 3:12-CR-104, 2024 WL 3868237, at *3 (W.D.

Ky. Aug. 19, 2024); *United States v. Walton*, No. 09-157, 2022 WL 2177533, at *5 (E.D. La. June 16, 2022) (finding youth and mental capacity were not extraordinary and compelling factors warranting compassionate release when those facts were known and considered by the sentencing court). Therefore, Diaz's age at the time of the offenses was known and considered by the Court and does not justify early release. *Hunter*, 12 F.4th at 563 & n.3.

**CONCLUSION**

For all the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant Diaz's motion for sentence reduction [DE 118] is **DENIED**.

November 19, 2026

Rebecca Grady Jennings, District Judge
United States District Court

cc: Defendant, *pro se*